■ 300 GRAMATAN AVENUE ASSOCIATES, Petitioner, v STATE DIVISION OF HUMAN RIGHTS, Respondent.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated April 6, 1977 and made after a hearing, which affirmed an order of the Commissioner of the State Division of Human Rights, dated February 27, 1976, which found petitioner guilty of a discriminatory practice in refusing to rent an apartment to the complainant on the basis of his race and color. The division has cross-moved for an order enforcing the award. Petition granted, on the law, without costs or disbursements, order an-

nulled, complaint dismissed, and cross motion denied. On the record before us we find not only that the determination of the hearing examiner, as affirmed by the appeal board, was not supported by substantial evidence on the whole record, but that it was arbitrary and capricious (Executive Law, § 297-a, subd 7, pars d, e). A review of the testimony adduced at the hearing fails to reveal any evidence that complainant Johnson was refused the apartment on the basis of his race or color. Rather, the hearing examiner made two clearly unsupported findings of fact, which led to an incorrect conclusion. Thus, the complainant was told by the superintendent, who had contacted the renting agent to see whether the apartment was available for rental, that it was in "litigation" and that it was presently not for rent. Much was made of the use of the word "litigation" during the hearing. It was brought out that in late November, 1974, the previous tenant had seemingly abandoned the premises and that his whereabouts could not be ascertained. The matter was turned over to petitioner's attorney, who testified that the vacant apartment had been kept off the market for a few months to ascertain whether the tenant would return. Although a dispossess proceeding was contemplated, none was commenced because the tenant did not return after an appreciable period of time. In any event, the agent testified that he should not have used the word "litigation". Rather, he simply should have said that the apartment was not yet available for rental. Thus, he had used the word "litigation" merely to describe the situation resulting from the departure of the former tenant without a formal repossession by the landlord, as a consequence of which the matter had been turned over to petitioner's attorney. Nevertheless, the hearing examiner seized upon the use of this word and inferred that when the agent told Johnson that the apartment was "in litigation", he had been using that explanation as a mere pretext, and that the apartment was actually available. However, the truth of petitioner's position that the apartment was not available is supported by the fact that no one had been shown the apartment all winter until Johnson was shown it on March 10, 1975. Even at that time, the superintendent only showed it to him because he was a friend of another tenant and he thought that, by then, the problem had been cleared up and the apartment was available for rent. However, he was promptly told by the agent that the apartment was still not on the market. Moreover, the apartment was not put on the market or shown to anyone until the first week in April, and was not rented out until April 15, 1975, about five weeks after Johnson had first seen it. Yet, on these undisputed facts, the hearing examiner found that the apartment was available on March 10. There simply was no basis for those findings, which, in our opinion, are arbitrary and capricious. Accordingly, the order under review must be reversed and the complaint dismissed. In view of the foregoing, we need not pass upon the other contentions raised by petitioner. Margett, J. P., Damiani and Titone, JJ., concur; Shapiro, J., dissents and votes to confirm the determination and grant the cross motion, with the following memorandum: In my opinion the determination of the hearing examiner was on the whole supported by substantial evidence, and was neither arbitrary nor capricious (see Executive Law, § 297-a, subd 7, pars d, e; § 298). Under the circumstances, we have no right to interfere with that determination.